James E. Rooney, Esq North Tonawanda School Board Attorney
You have asked whether a person elected to be a member of a city board of education may lawfully assume that position if at the time of his election he was an election commissioner for a county. The individual will not assume his office on the board of education until July 1, 1987.
Section 3-200(4) of the Election Law provides that a person may not be appointed as an election commissioner or continue to hold that office if he holds any other public office except that of commissioner of deeds, notary public, village officer, city or town justice, or trustee or officer of a school district outside of a city. The subject individual was elected to the position of member of a city board of education and, therefore, is not within the above exception.
The statute also provides that an election commissioner may "not be a candidate for any elective office which he would not be entitled to hold" under the provisions of this article of the Election Law (id., § 3-200[6]). The person must have ceased to be an election commissioner prior to the time of his nomination or designation for the elective office (ibid.). "Otherwise such nomination or designation shall be null and void." Under this provision, the subject person's nomination or designation as a candidate for the position of member of a city board of education is a nullity because of his status at that time as an election commissioner. Thus, his election to the board of education was a nullity and he may not legally hold that office.
We conclude that the nomination and election of a person holding the position of election commissioner to the office of member of a city board of education is a nullity.